UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NANCY WALSH,

    Plaintiff,

v.        CASE NO.:

SYMETRICS INDUSTRIES, LLC, f/k/a
EXTANT AEROSPACE, LLC, A Florida
limited liability company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, NANCY WALSH ("Ms. Walsh" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Brevard County, Florida.

4. Plaintiff worked for Defendant in Brevard County, Florida, and the venue, therefore, for this case is the Orlando Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) her husband suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Ms. Walsh worked as a Buyer at Defendant from December 8, 2014, until her termination on June 18, 2018.

8. Prior to applying for FMLA, Defendant considered Ms. Walsh to be an excellent employee, who constantly received praise for her performance throughout her tenure.

9. Unfortunately, Ms. Walsh's husband suffers from left-side paralysis, which requires daily care for all daily/major life activities.

10. As a responsible and committed employee, Ms. Walsh hired a caretaker to take care of her husband during weekdays while she was working, and she solely provided full time medical care for her husband during the weekends.

11. Following Ms. Walsh's application and approval for intermittent FMLA leave during weekends, Vice President of Production, Charles Mitchell ("Mr. Mitchell"), demanded that Ms. Walsh work during weekends, knowing that such a request undoubtedly would interfere with responsibilities to her husband, as his sole caretaker.

12. Ms. Walsh objected directly to Mr. Mitchell regarding same, reminding him that she recently was granted FMLA leave to care for her husband on the weekends; unfortunately, however, following her objections, Ms. Walsh was retaliated against and subsequently terminated.

13. Specifically, on October 23, 2017, Ms. Walsh requested FMLA leave from Human Resources Representative, Kim Mauldin ("Ms. Mauldin").

14. Ms. Walsh's medical leave request was submitted and ultimately was approved, effective October 2017.

15. Although Ms. Walsh's FMLA leave was granted, Defendant continued to demand that Ms. Walsh work on the weekends when she was utilizing her FMLA time to care for her husband.

16. Further, while Ms. Walsh maintained outstanding performance reports during most of her employment, but she began to face retaliation and her performance was targeted, post-FMLA leave request.

17. Soon after her FMLA approval, Ms. Walsh began to receive negative performance reviews, and subsequently was placed on a Performance Improvement Plan, which she successfully completed.

18. Soon after the performance-related retaliation, on or about May 2018, Defendant further targeted Ms. Walsh and substantially increased her inventory quota.

19. When Ms. Walsh was unable to meet the unrealistic quotas and objected that she felt she was being targeted based on her use of FMLA on weekends to care for her husband, she was terminated, in direct violation of the FMLA.

20. Terminating an employee for utilizing FMLA leave, is the very definition of interference and retaliation, under the FMLA. *See* 29 C.F.R. § 825.220(a)(2).

21. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

22. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for attempting to utilize what she believed to be proper and authorized FMLA leave.

23. Defendant acted with intent to terminate Plaintiff when she should have been, and was, FMLA covered.

24. Defendant fired Plaintiff because of her need for FMLA protected time away from work.

25. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her attempt to use FMLA.

26. Defendant did not have a good faith basis for its actions.

## **UNLAWFUL INTERFERENCE & RETALIATION UNDER THE FMLA**

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26, above.

28. At all times relevant hereto, Plaintiff was protected by the FMLA.

29. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff by retaliating against and firing her for her attempted use of, what should have been, FMLA protected leave.

30. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

31. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

32. As a result of Defendant's intentional, willful and unlawful acts by interfering with, and retaliating against, Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 29th day of April 2019.

Respectfully Submitted,

By**:**/s *Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Guadagnolo, Esq.
Florida Bar No. 109104
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
E-mail: rich@floridaovertimelawyer.com

*Attorneys for Plaintiff*